## CIRCUIT COURT OF THE CITY OF RICHMOND

Charles H. Ellis, III

v.

City of Richmond

September 9, 1987

Case No. LK 179-1

By JUDGE MELVIN R. HUGHES, JR.

This case is on appeal by Charles H. Ellis, III, (Ellis), a Lieutenant in the City of Richmond Bureau of Fire (the Bureau), on the matter of grievability. The matter was set for argument which occurred on March 20, 1987, and since then has been under advisement.

By Directive 32 promulgated October 22, 1985, the Bureau limited to 18 days the total time fire officers could select on a given shift for vacation leave. This limitation is without regard to whether an officer has seniority over other Bureau personnel including non officer firefighters. Prior to Directive 32 there was no difference in the manner in which firefighters and officers selected vacation days. Directive 32 now limits the vacation time of officers who rotate between three shifts while placing no limit on firefighters who do not systematically rotate. In the words of Ellis on the grievance form initiating the grievance process, Directive 32 "denies me the use of my seniority in the selection of vacations."

The applicable statute in these matters makes the contents of employment policies, rules and regulations non-grievable. Ellis argues his case is grievable because it is concerned with the interpretation of Directive 32 and its application to him, which is grievable. *See*

Section 2.1-114.5:1(A) and (B), Code of Virginia of 1950, as amended.

The Court finds that Ellis is grieving the content of the Directive and not improprieties in its interpretation or application. First, Ellis has not provided an alternative interpretation of the Directive that would satisfy him. The Directive by its very essence modifies his seniority rights regarding leave time. Second, Ellis appears to have filed his grievance promptly after learning of the new leave policy embodied in the Directive. While Ellis has explained that the new system restricts his selection of leave time more than the old system did, he has not alleged specifically that the new system has prevented him from choosing any leave days he particularly desired. In other words, Ellis is not grieving any concrete application of the Directive. Instead, Ellis is grieving its content or merits. The examples of potential results of the Directive cited in Ellis's memorandum of law are only hypothetical, not actual, applications of the rule. Furthermore, the Court finds that adoption of the Directive was well within the province of the Bureau, for the reason of budgetary restrictions requiring the limitation of overtime pay to officers.

Lastly, Ellis has recently cited *Otis Henley v. City of Richmond*, # LL 525-2, for the proposition that the personnel board can provide a remedy in this case, namely, an investigation and report as required by the City Charter. In *Henley*, the Court found grievability. Judge Harris in his letter opinion responded to the City's argument that the Board was unable to provide a remedy. While in determining grievability, it is sometimes important to examine what remedy the Board can provide if the case is found grievable, but the threshold question remains grievability under appropriate law. Here, the Court has resolved this question and finds the matter non-grievable.

For the foregoing reasons, this case does not present a matter which is grievable.